IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL R. TAYLOR, #R02895, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VIENNA CORRECTIONAL CENTER, ) <br> RANDY DAVIS, ) <br> MR. LOVE, ) <br> GLENN HOWARD, ) <br> BRETT CAMPBELL, ) <br> BRENDA SUITS, ) <br> RICK RIDGLEY, and ) <br> HAROLD BUCHEIMIER, ) <br> ) <br> Defendants. ) | Case No. 13-cv-00945-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Samuel R. Taylor, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement (Doc. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 	(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 	(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and dismiss the complaint, albeit without prejudice and with leave to amend.

### Discussion

The complaint alleges, in its entirety:

> I feel my constitutional rights were violated by the staff here at Vienna Correctional Center by putting my health in danger by housing me in an unsafe environment, a condemn[ed] building to serve out my confinement [in] inhumane living conditions at Vienna Correctional Center.

(Doc. 1, p. 5).

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

The complaint, as drafted, offers only a bare, general assertion, which is not enough to provide notice under Federal Rule of Civil Procedure 8, or to satisfy the *Bell Atlantic Corp. v. Twombly* pleading threshold.

Furthermore, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In addition, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983.

*See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Consequently, merely being a supervisory official is insufficient for liability to attach.

For these reasons, the complaint fails to state a claim upon which relief can be granted and must be dismissed. Because there remains the possibility that Plaintiff can file an amended complaint curing the aforementioned deficiencies, dismissal shall be without prejudice and Plaintiff shall be allotted a period of time within which to file an amended complaint. Any amended complaint will be subject to preliminary review under Section 1915A.

### Pending Motion

Also before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2). That motion will be decided by separate order. Plaintiff is advised that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 ($350.00 if he is granted pauper status) remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice, as it fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, on or before November 15, 2013, Plaintiff shall file an amended complaint. Failure to file an amended complaint will likely result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 16, 2013**

                                                  *s/ J. Phil Gilbert*
                                                  **United States District Judge**